| ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Raechelle M. Vix, an attorney licensed to practice law in Louisiana.
 

 UNDERLYING FACTS
 

 Counts I & II
 
 — The
 
 Ashford Matter
 

 In June 2003, Mirodello Ashford hired respondent to appeal his state criminal conviction. Respondent was paid a total of $4,300 in advanced fixed fees for the representation.
 
 [1]
 
 Thereafter, respondent failed to file a brief on behalf of Mr. Ashford or otherwise proceed with the appeal. She also failed to adequately communicate with her client and refund the unearned fees.
 

 During her May 18, 2004 sworn statement, respondent admitted to neglecting Mr. Ashford’s appeal and agreed to refund the unearned fees, with legal interest, within two weeks. Nevertheless, she did not refund the fees and interest, totaling $5,438.02, until June 2007.
 

 The ODC alleged that respondent’s conduct violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to |2communicate with a client), 1.5(f)(5) (fail
 
 *1092
 
 ure to refund an unearned fee), 1.16(d) (obligations upon termination of the representation), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.
 

 Counts III & IV
 
 — The
 
 Benson Matter
 

 In March 2002, Jerone Benson hired respondent to represent him in post-conviction relief proceedings following his state criminal conviction.
 
 [2]
 
 Mr. Benson paid respondent $2,500 in advanced fixed fees for the representation. Thereafter, respondent failed to file any documents or pleadings with either the district court or court of appeal. She also failed to adequately communicate with her client and refund the unearned fees.
 

 During her May 18, 2004 sworn statement, respondent admitted to neglecting Mr. Benson’s legal matter and agreed to refund the unearned fees, with legal interest, within four weeks. Nevertheless, she did not refund the fees and interest, totaling $3,331.15, until June 2007.
 

 The ODC alleged that respondent’s conduct violated Rules 1.3, 1.4, 1.5(f)(5), 1.16(d), 8.1(c), 8.4(a), 8.4(c), and 8.4(d) of the Rules of Professional Conduct.
 

 Counts v. & VI
 
 — The
 
 Jarreau Matter
 

 In March 2004, Diane Holm Jarreau hired respondent to represent her son, Jake Ortego, in post-conviction relief proceedings following his state criminal conviction. _JsMs. Jarreau paid respondent a total of $5,000 in advanced fixed fees for the representation. Thereafter, respondent filed a petition and memorandum but took no further steps to bring the matter to a conclusion. She failed to maintain communication with her client or Ms. Jar-reau. She also failed to timely or properly withdraw from the representation. Finally, respondent failed to account for the earned portion of the fee or refund the unearned portion of the fee.
 

 During her June 30, 2005 sworn statement, respondent admitted to the above misconduct and agreed to provide the ODC with certain documentation by July 15, 2005. She also agreed to refund the unearned fees, with legal interest, by July 15, 2005. Nevertheless, respondent did not provide the ODC with the requested documentation. She also did not refund the unearned fees and interest, totaling $6,130.24, until June 2007.
 

 The ODC alleged that respondent’s conduct violated Rules 1.3, 1.4, 1.5(f)(5), 1.16(a) (failure to withdraw from the representation of a client), 1.16(d), 8.1(c), 8.4(a), 8.4(c), and 8.4(d) of the Rules of Pi'ofessional Conduct.
 

 Counts VII & VIII
 
 — The
 
 Johnson Matter
 

 In May 2005, Lucille Johnson hired respondent to represent her son, Lyndon Johnson, who was challenging his alleged illegal sentence in a state criminal conviction. Ms. Johnson paid respondent $400 towards a $1,000 advanced fixed fee for the representation. Thereafter, respondent failed to maintain proper communication with her client or Ms. Johnson. Thus, Ms. Johnson did not make any further payments. Respondent did not file any pleadings or refund the unearned fee.
 

 The Johnsons filed a disciplinary complaint against respondent, which was forwarded to her in March 2006. Respondent failed to respond to the complaint, Lnecessitating the issuance of a subpoena
 
 *1093
 
 to take her sworn statement. Despite-receiving the subpoena, respondent failed to appear for the sworn statement.
 

 Respondent refunded the unearned fees and interest, totaling $467, in June 2007.
 

 The ODC alleged that respondent’s conduct violated Rules 1.3, 1.4, 1.5(f)(5), 1.16(d), 3.4(a) (unlawfully obstructing another party’s access to evidence), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 8.1(c), 8.4(a), 8.4(c), and 8.4(d) of the Rules of Professional Conduct, as well as Supreme Court Rule XIX, § 9(c) (knowing failure to respond to a lawful demand from a disciplinary authority).
 

 DISCIPLINARY PROCEEDINGS
 

 In 2006, the ODC filed eight counts of formal charges against respondent. Respondent, through counsel, answered the formal charges, denying in part and admitting in part the misconduct alleged by the ODC. Subsequently, in her pre-hearing memorandum, respondent stipulated to the facts alleged in all eight counts of the formal charges. The matter then proceeded to a formal hearing.
 

 Hearing Committee Report
 

 After considering the evidence and testimony presented at the hearing, the hearing committee made factual findings consistent with the underlying facts above. Based on these findings, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
 

 The committee determined that respondent negligently violated duties owed to her clients and the legal profession. She also knowingly disobeyed a subpoena and |fifailed repeatedly to respond to lawful demands from the ODC. Citing the ABA’s
 
 Standards for Imposing Lanryer Sane-tions,
 
 the committee determined that the baseline sanction is a suspension from the practice of law.
 

 The committee found the following aggravating factors are present: a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, deceptive practices during the disciplinary process (failing to keep promises to provide refunds and documents), vulnerability of the victims, substantial experience in the practice of law (admitted 1988), and failure to make restitution.
 

 The committee found the following mitigating factors: absence of a prior disciplinary record, absence of a dishonest or selfish motive, and remorse. The committee also noted that respondent has been under considerable stress since the summer of 2003 when her mother became an invalid. Furthermore, respondent’s home was damaged during Hurricane Katrina, and she temporarily relocated to Dallas, Texas. She did not timely respond to the formal charges because of severe emotional distress following Katrina, and she is presently living in a FEMA trailer. The committee also found that respondent has now made full restitution. Finally, the committee noted that although respondent is employed with the 24th Judicial District Indigent Defender Board, the misconduct was not associated with that employment, but rather arose out of her private practice.
 

 Under these circumstances, the committee recommended that respondent be suspended from the practice of law for eighteen months, with all but one month deferred. The committee further recommended that following the active portion of the suspension, respondent be placed on supervised probation for two years, subject to the following conditions:
 

 |fil. Respondent shall attend the Louisiana State Bar Association’s Ethics
 
 *1094
 
 School within six months of the finality of the court’s order of discipline;
 

 2. Respondent is to undergo an evaluation with a mental health care provider and comply with any treatment directives until the ODC is in receipt of a report from her treating psychologist or psychiatrist that said treatment is no longer medically necessary;
 

 3. Respondent is to limit her practice to her salaried position at the Jefferson Parish Indigent Defender Board under the supervision of Richard Tomp-son, Chief Indigent Defender, or another supervising attorney, who shall report in writing at least once every three months to the ODC regarding respondent’s progress and performance during the probationary period;
 

 4. Respondent shall meet with a monitor not less than quarterly to review her files for proper client communication and to ensure that she has an appropriate calendaring and tickler system to allow for diligence in handling cases;
 

 5. Respondent shall timely pay all bar dues and disciplinary assessments and comply with all continuing legal education requirements;
 

 6. Respondent shall refrain from any further violations of the Rules of Professional Conduct; and
 

 7. Respondent shall be responsible for all costs and expenses due to the disciplinary board in connection with these disciplinary proceedings.
 

 The ODC filed an objection to the hearing committee’s recommendation.
 

 Disciplinary Board Recommendation
 

 After review, the disciplinary board found that the hearing committee’s factual findings are not manifestly erroneous and adopted same. The board determined that |7respondent violated the Rules of Professional Conduct as alleged in the formal charges, with the exception of the allegation in Count V that she violated Rule 1.16(a) by failing to withdraw from Mr. Ortego’s legal matter. The board reasoned that respondent did not violate Rule 1.16(a) because the ODC failed to prove that she was so physically or mentally impaired that she should have withdrawn from the representation of Mr. Ortego.
 

 The board determined that respondent violated duties owed to her clients, the legal profession, the public, and the legal system. The board agreed with the committee that respondent knowingly failed to cooperate with the ODC in its investigations. The board also adopted the committee’s finding that respondent acted negligently in failing to adequately represent her clients, reasoning that this misconduct “stemmed in large part from poor management of her private practice, as well as the turmoil she experienced from her mother’s illness and post-Katrina problems.” Furthermore, the board found that respondent’s clients were harmed in that their cases were delayed. Based on the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board determined that the baseline sanction is a suspension.
 

 In aggravation, the board found a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, deceptive practices during the disciplinary process, vulnerability of the victims, and substantial experience in the practice of law. In mitigation, the board found the following factors: absence of a prior disciplinary record, absence of a dishonest or selfish motive, and personal or emotional problems.
 

 Turning to the issue of an appropriate sanction, the board cited
 
 In re: Turissini,
 
 95-0735 (La.6/2/95), 655 So.2d 327, and
 
 In
 
 
 *1095
 

 re: Beautchamp,
 
 02-1389 (La.6/13/02), |8821 So.2d 1281. The attorney in
 
 Turissini
 
 was employed by the Orleans Parish Indigent Defender Program. For her failure to communicate with a client, failure to return a client’s file upon termination of the representation, and failure to cooperate with the ODC in its investigation, Ms. Turissini was given a fully deferred one year and one day suspension, subject to two years of supervised probation with conditions. In
 
 Beauchamp,
 
 an attorney who did extensive
 
 pro bono
 
 work failed to communicate with several clients and failed to expedite litigation in several legal matters. This court accepted a petition for consent discipline and imposed a fully deferred one year and one day suspension, subject to two years of supervised probation with conditions, noting that the misconduct was negligent and stemmed in large part from poor law office management.
 

 Based on the above findings, the board recommended that respondent be suspended for two years, fully deferred, subject to two years of supervised probation with the same conditions suggested by the hearing committee.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation; however, the court on its own motion docketed the matter for briefing and oral argument in accordance with Supreme Court Rule XIX, § 11(G)(1)(a).
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Quaid,
 
 94-1316 (La.11/30/94), 646 So.2d 343;
 
 Louisiana State Bar Ass’n v. Boutall,
 
 597 So.2d 444 (La.1992). | nWhile we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings.
 
 See In re: Caulfield,
 
 96-1401 (La.11/25/96), 683 So.2d 714;
 
 In re: Pardue,
 
 93-2865 (La.3/11/94), 633 So.2d 150.
 

 The record reveals that respondent neglected several legal matters, failed to communicate with her clients, failed to timely refund unearned fees, and failed to cooperate with the ODC in its investigation. As such, she violated Rules 1.3, 1.4, 1.5(f)(5), 1.16(d), 8.1(c), and 8.4(a) of the Rules of Professional Conduct.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 We find respondent acted knowingly in failing to adequately represent her clients and in failing to cooperate with the ODC. She violated duties owed to her clients, the legal system, and the legal profession, causing actual harm in the form of delay in her clients’ cases. Accordingly, the baseline sanction is a suspension.
 

 The aggravating factors present are a pattern of misconduct, multiple of
 
 *1096
 
 fenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, vulnerability of the victims, and substantial experience in the practice of law. The applicable mitigating factors are: |inabsence of a prior disciplinary record, absence of a dishonest or selfish motive, personal or emotional problems, character or reputation, and remorse.
 

 Turning to the issue of an appropriate sanction, we agree with the board that respondent’s misconduct stemmed from poor management of her private practice while she was dealing with an excessive case load at the indigent defender’s office and her mother’s health problems. These issues appear to have been resolved. Moreover, no misconduct was reported stemming from respondent’s duties as an indigent defender, and she has made full restitution to her clients, including interest.
 

 Because of the knowing nature of her misconduct and the numerous offenses involved in this matter, we will suspend respondent from the practice of law for two years. However, because respondent appears to have resolved the issues that led to the misconduct, we will defer all but three months of the suspension. Following the active portion of the suspension, respondent shall be placed on supervised probation for two years, subject to the conditions recommended by the hearing committee.
 
 [3]
 
 Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Raechelle M. Vix, Louisiana Bar Roll number 18742, be and she hereby is suspended from the practice of law for a period of two years. All but three months of this suspension shall be deferred, subject to respondent’s successful completion of | na two-year period of supervised probation governed by the conditions set forth in this opinion. The probationary period shall commence from the date respondent, the ODC, and the probation monitor execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 TRAYLOR, J., concurs in the finding but dissents from penalty.
 

 [1]
 

 . Mr. Ashford executed a power of attorney authorizing respondent to withdraw $2,300 from his bank account, which she did on June 10, 2003. Mr. Ashford’s mother, Morthea Goings, paid respondent an additional $2,000 on June 18, 2003.
 

 [2]
 

 . Mr. Benson’s prior counsel had already filed post-conviction relief proceedings in the state district court, which proceedings were denied.
 

 [3]
 

 . With respect to the third condition, if respondent's employment with the Jefferson Parish Indigent Defender Board ends, she shall notify the ODC within five days.