I,ATTORNEY DISCIPLINARY PROCEEDINGS.
PER CURIAM.*
The Office of Disciplinary Counsel (“ODC”) filed formal charges against respondent, Raechelle M. Vix. On May 15, 2009, we suspended respondent from the practice of law for a period of two years, with all but three months of the suspension deferred, subject to respondent’s successful completion of a two-year period of probation with conditions. In re: Vix, 2008-2290 (La.5/15/09), 11 So.3d 1090 (reh’g denied 6/19/09). For purposes of the instant matter, the following conditions of probation are relevant:
1. Respondent shall attend the Louisiana State Bar Association’s Ethics School within six months of the finality of the court’s order of discipline;
⅜ ⅜ ⅜
3. Respondent is to limit her practice to her salaried position at the Jefferson Parish Indigent Defender Board under the supervision of Richard Tompson, Chief Indigent Defender, or another supervising attorney, who shall report in writing at least once every three months to the ODC regarding respondent’s progress and performance during the probationary period. If respondent’s employment with the Jefferson Parish Indigent Defender Board ends, she shall notify the ODC within five days;
% * :[:
7. Respondent shall be responsible for all costs and expenses due to the disciplinary board in connection with these disciplinary proceedings.
^Pursuant to Supreme Court Rule XIX, § 25, respondent now requests certain conditions of her probation be modified. Specifically, respondent contends she was unable to satisfy condition one within the allotted time due to personal and financial reasons and requests an extension of time to comply with this condition. She further asserts she is unable to comply with condition three because her employment with the Jefferson Parish Indigent Defender Board was terminated in February 2009. Finally, with regard to condition seven, she asks the court to grant “any relief available, including a possible waiver of fees and expenses.”
In response, the ODC took no position on the merits of respondent’s request. However, the ODC expressed its view that supervision of respondent’s employment was critical to protect the public. The ODC also noted respondent presented no evidence in support of her request to waive costs and expenses.
Having considered respondent’s request and the ODC’s response, we now modify our judgment in In re: Vix, 2008-2290 (La.5/15/09), 11 So.3d 1090 (reh’g denied 6/19/09), as follows:
IT IS ORDERED that condition of probation one be modified to provide respondent shall attend the Louisiana State Bar Association’s Ethics School as soon as practicable prior to the conclusion of her probationary period.
IT IS ORDERED that condition of probation three be modified to provide respondent is to limit her practice of law to a position under the supervision of another attorney, subject to the ODC’s approval of the supervising attorney. The supervising attorney shall report in writing at least once every three months to the ODC regarding respondent’s performance during *893 the probationary period. If respondent’s employment ends, she shall notify the ODC "within five days, and the probationary period shall be stayed until respondent obtains employment under the ^supervision of another attorney, subject to the ODC’s approval of the supervising attorney.
IT IS ORDERED that condition of probation seven not be modified and that respondent continue to be responsible for all costs and expenses due to the disciplinary board in connection with the disciplinary proceedings. However, respondent may enter into an appropriate periodic payment plan pursuant to Supreme Court Rule XIX, § 10.1(D).
In all other respects, this court’s opinion in In re: Vix, 2008-2290 (La.5/15/09), 11 So.3d 1090 (reh’g denied 6/19/09), shall remain in full force and effect.

 Chief Justice Kimball not participating in the opinion.